SUMMARY ORDER
Kong Guo Ni, though counsel, petitions for review of the BIA decision affirming the decision of an immigration judge (“IJ”) denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the underlying facts and procedural history of the case. Even assuming, without holding, that the IJ erred when she found that Ni was not credible, we must deny review because the IJ correctly found that the alleged incident of persecution described by Ni did not rise to the level of actual persecution and therefore did not establish Ni’s eligibility for asylum. See Islami v. Gonzales, 412 F.3d 391 (2d Cir.2005) (citing Tian-Yong Chen v. INS, 359 F.3d 121, 128 (2d Cir.2004), which notes “that general harassment not rising to the level of sufficiently extreme action, such as violence and physical abuse, does not constitute persecution”). Furthermore, Ni failed to prove that he had a well-founded fear of future persecution if he was returned to China. See Zhang v. Gonzales, 426 F.3d 540, 544 n. 4 (2d Cir.2005).
As Ni has not satisfied the standard for granting asylum, he cannot meet the higher standard for granting withholding of removal. See Ramsameachire v. Ashcroft, *119 357 F.3d 169, 178 (2d Cir.2004). Further, as Ni has not demonstrated that he would be tortured if returned to China, his claims under the CAT fail as well. 8 C.F.R. § 208.18(a); see also Wang v. Ashcroft, 320 F.3d 130, 133-34 (2d Cir.2003).
For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).